going certain diagnostic X-ray tests on an X-ray table which was in charge of an employee of the hospital and which was manipulated by him exclusively. After the completion of the tests he caused the table to be tilted and lowered to its original position; and, during this process, a foot guide on the table broke, causing the patient to fall from the table and to be injured. The first cause of action is by the patient to recover damages for her personal injuries. The second is by her husband to recover damages for the loss of her services. Both are based on allegations of the hospital's negligence and on the patient's freedom from contributory negligence. In my opinion, under the circumstances here summary judgment was properly granted. The instrumentality (that is, the X-ray equipment and table) which caused the accident was under the complete dominion and control of the hospital and its X-ray technician. Therefore the doctrine of *res ipsa loquitur* relied on by plaintiffs, is applicable; and the mere happening of the accident casts upon the hospital the burden of coming forward with an explanation as to the reason for its occurrence. The hospital, however, has failed to offer any explanation; it asserts only that the patient fell "for some unknown reason." In the absence of any explanation by the hospital, the only rational conclusion — a conclusion which may properly be drawn as matter of law — is that the accident happened because of its negligence and without the patient's contributory negligence.

IRENE LADANOWSKY, Appellant, v. MARK LYNTON, Respondent.—

No opinion. Ughetta, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., not voting.

PHILIP A. MANZO, Respondent, v. EAGLE DELIVERY TRUCK RENTING Co., INC., et al., Appellants.—

In our opinion, the record presents questions of fact which should be resolved after trial. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

PHILIP A. MANZO, Respondent, v. EAGLE DELIVERY TRUCK RENTING Co., INC., et al., Appellants.—

Special Term treated defendants' said motion as one for reargument which should be limited to the papers considered on the original motion. On argument of this appeal plaintiff renewed his previous motion in this court to dismiss the appeal on the ground that an order denying a motion for reargument is not appealable, such previous motion having been